**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

| | |
|---|---|
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA LIQUIDATION<br>No. 08-01789 (BRL) |
| Debtor. | (Substantively Consolidated) |

-----------------------------------------------------------X
IRVING H. PICARD, as Trustee for the
Liquidation of BERNARD L. MADOFF
INVESTMENT SECURITIES LLC,

Adv. Pro. No. 10-04626 (BRL)

                Plaintiff,

        v.

STANLEY KREITMAN,

                Defendant.
-----------------------------------------------------------X

Before:  Hon. Burton R. Lifland
         United States Bankruptcy Judge

### BENCH MEMORANDUM DECISION (1) GRANTING TRUSTEE'S MOTION TO EXTEND TIME TO EFFECT SERVICE OF PROCESS AND (2) DENYING KREITMAN'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Two motions are before the Court: (i) the motion of Irving H. Picard, Esq. (the "Trustee"), trustee of the SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), seeking an order extending the time to effect service of process on Stanley Kreitman ("Kreitman" or "Defendant") under Federal Rule of Civil Procedure ("Rule") 4(m), incorporated herein by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7004 (the "Service Extension Motion"), and (ii) the motion of Defendant seeking an order to dismiss the Trustee's complaint for insufficient service of process pursuant to Rule 4(m) and Bankruptcy Rule 7012 (the "Motion to Dismiss"). Upon review of the papers and after oral argument, the Service Extension Motion is GRANTED and the Motion to Dismiss is DENIED.

## BACKGROUND

On December 1, 2010, the Trustee filed a complaint (the "Complaint") against Kreitman, an account holder at BLMIS, alleging that he received $1,485,000 in fictitious profits from Bernard L. Madoff's Ponzi scheme. On February 9, 2011, the Trustee attempted service on Kreitman by first class mail to an address listed in BLMIS's records in East Hills, New York. Unbeknownst to the Trustee, Kreitman sold his home at that address in 2009, but neither the Complaint nor its accompanying summons (the "Summons") were returned to the Trustee as undeliverable.

Kreitman's counsel asserted that he came across the Complaint during a review of court filings on PACER and, near the deadline for service of March 31, 2011, requested an extension of time to respond to the Complaint. In an email to the Trustee dated April 12, 2011, Kreitman's attorneys reserved "all his rights concerning the Complaint" but did not specify any particular rights therewith. The Trustee stipulated to the extension on April 15, 2011, and sent a notice of time to respond to Kreitman's East Hills address. Like the Complaint and Summons, this extension notice was not returned to the Trustee as undeliverable.

On July 7, 2011, Kreitman's counsel requested a second extension of time to respond to the Complaint. The draft of a stipulation to extend time by the Trustee to Kreitman included boilerplate language waiving all service of process defenses. Kreitman was unwilling to include such language, merely acknowledging his "interest in his service of process defenses" while failing to indicate what those defenses might be. Declaration of Ryan E. Cronin in Support of Defendant's Motion to Dismiss ("Cronin Declaration") (Dkt. No. 7), ¶ 10. In an email dated July 8, 2011, the Trustee indicated that if Kreitman "has a defense based upon issues of service, we would like to deal with those objections sooner rather than later." Motion to Dismiss (Dkt. No.

7), Ex. H.  There is no response to this email in the record and the parties never stipulated to a second extension of time.

On August 9, 2011, the Trustee attempted service of a discovery motion to Kreitman's East Hills address, which was returned as undeliverable on August 19, 2011.  The Trustee consequently filed the Service Extension Motion on September 2, 2011.  Kreitman objected and, on September 9, 2011, filed the Motion to Dismiss, making known to the Trustee <u>for the first time</u> specific service-based defenses.

The question before the Court is whether the Trustee can show good cause for failure to effect service within 120 days of filing the Complaint, or, failing such a showing, whether the Court should exercise its equitable discretion to provide the Trustee with an extension of time to serve Kreitman.   While the Trustee has not demonstrated good cause, the equitable considerations in this case nonetheless warrant the Court's exercise of its discretion to provide an extension to the trustee.  For nearly half a year the Defendant has apparently acted as though service was proper by requesting extensions of time to respond, and only asserted specific service-based defenses <u>after</u> the Trustee filed its Service Extension Motion; the Court does not appreciate what could be viewed as "gotcha" gamesmanship.

## DISCUSSION

Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).  A party seeking an extension based on good cause "bears a heavy burden of proof."  *Alvarado v. Am. Freightways, Inc.*, No. 04-CIV-9536, 2005 WL 1467893, at *5

(S.D.N.Y. June 21, 2005).  Good cause is measured in terms of "the plaintiff's reasonable efforts

to effect service and the prejudice to the defendant from the delay." *AIG Managed Mkt. Neutral*

*Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000); *Alvarado*, 2005 WL

1467893, at *5 ("The diligence of the plaintiff's efforts to effect proper service is an important

consideration in a determination of good cause.").  Courts have found good cause exists "only in

exceptional situations" where the service-based failure was due to circumstances beyond the

plaintiff's control.  *Id.*; *McKibben v. Credit Lyonnais*, No. 98-CIV-3358, 1999 WL 604883, at *3

(S.D.N.Y. Aug. 10, 1999).  In *United States v. Ayer*, 857 F.2d 881, 886 (1st Cir. 1988), for

example, the court waived the time limit only upon finding that the defendant went to great

lengths to avoid service.  Similarly, in *Ditkof v. Owens–Illinois, Inc.*, 114 F.R.D. 104, 105 (E.D.

Mich. 1987), the court found the defendant's active participation in the litigation had "lulled

plaintiff into believing that service had been accomplished," and thus justified the court's finding

excusable neglect on the part of the Plaintiff.  "On the other hand, where it is apparent that an

attorney's ignorance, inadvertence, or 'misplaced reliance' promulgated the failure to serve

process, courts have shown no leniency." *McKibben*, 1999 WL 604883, at *3 (internal citations

omitted).

The Trustee submits he never received notification of defective service on Defendant, as

the Summons and Complaint were never returned as undeliverable by the postal service.[1]  But

this is hardly an exceptional situation beyond the Trustee's control: the Trustee relied on an

address listed in BLMIS's records provided by Kreitman several years prior to service without

undertaking any additional efforts to verify the accuracy of that address.  *See Alvarado*, 2005

---

[1] The Trustee contends there are two additional reasons to find good cause: (i) Defendant will not be prejudiced by granting an extension since he will be afforded the same time to respond as he would have had if the original Complaint had been timely served; and (ii) Kreitman took advantage of the Trustee's willingness to grant extensions of time to respond without indicating issues with service until July.  Neither of these arguments, however, present grounds for finding good cause because even if true, the Trustee's efforts to effect proper service were inadequate.

4

WL 1467893, at *5 (declining to find good cause where plaintiffs relied on addresses listed in a three-year-old police accident report and failed to take affirmative steps to verify those addresses); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306-1307 (3d Cir. 1995) (declining to find good cause where delay in service was caused by the plaintiff's "half-hearted" efforts to effect service).

Even though the Court declines to find good cause, it is still within the Court's equitable discretion to grant an extension of time to serve Kreitman especially based on the facts of this case. *Gerena v. Korb*, 617 F.3d 197, 201 (2d Cir. 2010) ("We have interpreted [Rule 4(m)] to give wide latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause."); *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("[C]ourts have the discretion to grant extensions of the service period even where there is no good cause shown."); *In re Dreier LLP*, 08-CIV-15051, 2011 WL 3047692, at *4 (Bankr. S.D.N.Y. July 22, 2011) (extending time to serve despite declining to find good cause for plaintiff's failure to effect timely service). As a preliminary matter, there is a clear policy in the Second Circuit favoring the resolution of litigation on the merits. *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995), ("This Court has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default.") (*Citing Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95 (2d Cir.1993); *Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir.1983); *Meehan v. Snow,* 652 F.2d 274, 277 (2d Cir.1981)); *see Carroll v. Certified Moving & Storage, Co., LLC*, No. 04-CIV-4446, 2005 WL 1711184, at *3 (E.D.N.Y. July 19, 2005) ("Granting the plaintiff a discretionary extension also furthers the principle that litigation should generally be resolved on the merits."). In making a decision to grant an extension of time based on equitable discretion, courts have considered:

(1) whether the applicable statute of limitations would bar the refiled action;
(2) whether the defendant had actual notice of the claims asserted in the
complaint; (3) whether the defendant had attempted to conceal the defect in
service; and (4) whether the defendant would be prejudiced by the granting of
plaintiffs' request for relief from the provision.

*Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 506 (S.D.N.Y.

1999). These relevant factors militate in favor of granting the extension.

With respect to the first factor, the applicable statute of limitations has run. Therefore,

even though dismissals under Rule 4(m) are without prejudice, dismissing the Complaint here

would result in a *de facto* dismissal with it.

With respect to the second factor, Defendant concedes that he had actual notice of the

claims, as one of his attorneys "identified the Complaint during a review of court filings on

PACER." Cronin Declaration, ¶ 9.

With respect to the third factor, several actions taken by Kreitman, when considered

together, reflect efforts to conceal the defect in service, including his: (i) multiple requests for

extensions of time to respond to the Complaint; (ii) failure to inform the Trustee that he did not

receive the Complaint by mail despite his attorneys' discovering it on PACER; (iii) failure to

provide the Trustee with his current address; and (iv) reservation of rights with respect to the

Complaint without specification of any particular defenses—service or otherwise, both in an

email dated April 12, 2011, just two weeks after the service deadline and again in early July

2011, in the negotiations regarding the second extension of time to respond.[2] Indeed, Kreitman

filed the Motion to Dismiss revealing his service-based defenses for the first time only after the

---

[2] Although with regard to the second extension of time Kreitman refused to sign a stipulation waiving all service-based defenses, acknowledging his "interest in his service of process defenses," he failed to specify any particular defense. Moreover, the Court is unaware of a response to the Trustee's email of July 8, 2011, indicating the Trustee's interest in addressing any objections or defenses based on issues of service "sooner rather than later." *See* Motion to Dismiss, Ex. H.

Trustee filed his Service Extension Motion, at least five months after Kreitman's attorneys first noticed the Complaint on PACER.

With respect to the fourth factor, Defendant would not be prejudiced if the Trustee's request for an extension of time were granted.  The inherent prejudice in forcing a defendant to defend against an otherwise time-barred claim is insufficient by itself to merit dismissal of the complaint under these circumstances.  See *Zapata*, 502 F.3d at 198 ("[W]e leave to the district courts to decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service."); *see also Alvarado*, 2005 WL 1467893, at *5 ("[The] contention that allowing service after the statute of limitations has expired, by itself, qualifies as prejudice is erroneous.").  In addition, any such prejudice is diminished by the fact that Kreitman had actual notice of the Complaint and proceeded in light of the claims against him.

Taking all of the above factors in tandem, the Court is persuaded to exercise its equitable discretion to extend the Trustee's time to serve Kreitman.

**CONCLUSION**

For the reasons stated above, the Trustee's Service Extension Motion is GRANTED and the Defendant's Motion to Dismiss is DENIED.  The Trustee is directed to submit an order consistent with this decision.

Dated: New York, New York
      November 30, 2011

                    /s/ Burton R. Lifland
                    United States Bankruptcy Judge